UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOLD COAST TRANSPORTATION SERVICE
LLC, JOSEPHINE HERRSCHAFT and
ANTHONY HERRSCHAFT,

                        Plaintiffs,

      -against-                          **MEMORANDUM & ORDER**
                                                    21-CV-5396(DRH)(JMW)

NTI-NY, INC., NATIONAL TRANSPORTATION
INC., JAMES GLEICH, JOHN KINDT, AMY
WILLS, RICHARD NOLAN and MARC A.
JACOBI,

                    Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**For Plaintiffs:**
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
By:    Rodman E. Honecker, Esq.
        Benjamin N. Fink, Esq.


**For Defendants:**
Quirk and Bakalor, P.C.
1205 Franklin Avenue, Suite 110
Garden City, New York 11530
By:    Timothy J. Keane Esq.
        Debra E. Seidman, Esq.

**HURLEY, Senior District Judge:**

       The purpose of this Memorandum is to address the objections of Defendants

to the March 9, 2022, Report and Recommendation of Magistrate Judge James M.

Wicks recommending that Plaintiff's motion to remand this matter back to state

court be granted.

For the reasons fully set forth below, the motion to remand is denied in that defendants have established that this Court, contrary to plaintiffs' position, has subject matter jurisdiction predicated on diversity.

## I.   BACKGROUND AND PROCEDURAL HISTORY

### A.   Commencement of the Action and the Original Complaint

On August 27, 2021, Plaintiffs Gold Coast Transportation Service LLC ("Gold Coast"), Josephine Herrschaft ("Josephine") and Anthony Herrschaft ("Anthony") (the "Herrschafts") (Gold Coast and Herrschafts collectively "Plaintiffs") commenced this action in state court against Defendants National Transportation, Inc. ("NTI"), James Gleich ("Gleich", and John Kindt ("Kindt") and "nominal defendant NTI-NY Inc." ("NTI-NY") (collectively "Defendants").

As alleged in the original complaint filed in state court, Josephine and Anthony, residents of New York are shareholders of Gold Coast and Gold Coast is a majority shareholder in NTI-NY while "Defendants" are shareholders in NTI-NY. NTI and NTI-NY are Nevada corporations with their principal places of business in Nevada. Gleich, a resident of Nevada, and Kindt, a dual resident of California and New York, hold themselves out as officers of NTI-NY. Josephine, Gleich and Kindt are directors of NTI-NY. (Compl. at ¶¶1-7.)

The Herrschafts have  extensive experience operating ground transportation companies, especially ground transportation to and from airports for flight crews and other airlines employee, principally in the New York area. In September 2019, Josephine wired $500,000.00 to NTI as a loan with an option to convert the loan

into a 16% equity interest in NTI. When the transportation company owned by the Herrschafts' ceased operations, they developed a business plan to bring over their customers to a new entity, which eventually became NTI-NY, which they shared with Gleich. Unbeknownst to the Herrschafts,  Gleich incorporated NTI-NY, listing Gleich, Kindt and Josephine as Directors. "Defendants unilaterally attempted to claim for NTI 51% ownership of the corporation, with Gold Coast or Josephine as owning 49%. NTI's counsel later took the position that Gold Coast, not Josephine is the 49% owner of NTI-NY." Plaintiffs contend they own a majority ownership interest in the NTI-NY. (*Id.* ¶¶16-34.)

Although drafts were exchanged no Shareholder Agreement was ever executed. The Herrschafts nonetheless arranged for NTI-NY to enter into agreements with many of the same customers of their former company, as well as others and were responsible for the generation of all business. Defendants contributed nothing in terms of capital or business generation. (*Id.* ¶¶ 35-36.)

Among other things it is claimed that with respect to NTI-NY, Gleich and Kindt siphoned off funds, took excessive compensation, usurped and misdirected business opportunities from NTI-NY to NTI. (*Id.* ¶¶37-55.)

Plaintiffs seek injunctive and declaratory relief, an accounting and damages.

## B.      Removal of the Action and Proceedings in this Court

On September 29, 2021, Defendants removed the action to this Court asserting jurisdiction on the basis of diversity of citizenship.  According to the notice of removal, Plaintiffs are citizens of New York, Kindt is a citizen of California,

Gleich is a citizen of Nevada and both NTI and NTI-NY are incorporated and maintain their principal places of business in Nevada. (DE 1 at ¶¶ 8-14.) Both Gleich and Kindt submitted declarations attesting to their own citizenship as well as Nevada as the state of incorporation of both NTI and NTI-NY. Moreover, they both asserted that NTI, as well as NTI-NY "maintain[] [their] principal place of business at 9525 Hillwood Drive, Suite 170, Las Vegas, Nevada 8913 " and "[t]he administration" of both corporations are "situated in the State of Nevada and the performance of obligations arising out of its corporate operations are performed and to be performed in the State of Nevada and in accordance with the laws of the State of Nevada." (DE 1-4 at ¶¶ 5-6; DE 1-5 at ¶¶6-7.)[1]

Two days later, on October 1, 2021, Plaintiffs filed an amended complaint adding three new defendants: Amy Wills ("Wills"), Rich Nolan ("Nolan") and Marc. A. Jacobi (Jacobi"). The salient changes for present purposes in the amended complaint are as follows: Wills "resides" in Long Island City, New York; Gold Coast is the majority shareholder of NTI-NY; and NTI-NY is a Nevada corporation with

---

[1] Plaintiffs' allegation as to the principal place of business of NTI-NY being in Nevada do not preclude them from arguing otherwise as "principles of estoppel do not apply" to questions of subject matter jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). *See also Wight v. Bank of America Corp.*, 219 F.3d 79, 90 (2d Cir. 2000) ("[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits."); *Creaciones Con Idea. S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) ("At the outset, we note that principles of estoppel do not apply to questions of subject matter jurisdiction."); *Signature Fin. LLC v. Chicago Elite Cab Corp.*, No. 16 Civ. 6063 (DRH) (SIL), 2018 WL 1385896, at *4 (E.D.N.Y. Mar. 19, 2018) ("The Second Circuit has already established that 'principles of estoppel do not apply' to questions of subject matter jurisdiction.' ").

an "office" in Nevada. The principal place of business of NTI-NY is not alleged but it is alleged that its "center of operations is located in New York State." (Amended Comp. at ¶¶ 1, 4, 8, 15.)

On October 7, 2021, Plaintiffs filed an "Emergency MOTION for [an] Order to Show Cause to Extend TRO entered in State Court, to Remand or for alternative relief." In support of remand, Plaintiffs argued a lack of diversity jurisdiction because Wills "resides in New York" and because the "nerve center" of NTI-NY is New York. (DE 6-1 at 12-13.) On October 13, 2021, the Court issued an Order declining to sign the Order to Show Cause as a question had been raised as to subject matter jurisdiction and directing the parties to brief the issue of subject matter jurisdiction.

## II.    THE MOTION TO REMAND

On October 22, 2021, Plaintiffs filed their motion to remand. In support of remand, Plaintiffs argued that complete diversity did not exist because, inter alia, NTI-NY is a citizen of New York given that it is the situs of its principal place of business. In support of that proposition Josephine submitted a declaration stating the following:

> From the inception of operations in 2020 until August 11, 2021 when my son, plaintiff Anthony Herrschaft ("Anthony"), was wrongfully terminated, all services and revenue generating business operations were conducted in the tristate region. Anthony and I reside in Nassau County. As set forth in more detail in the Verified Amended Complaint, the very business purpose of [NTI-NY ("]the Corporation["]) was to service the needs of local customer contacts members of our family have developed over many years. More specifically, the Corporation was formed to serve the needs of dozens of airlines and three airports (LaGuardia, JFK and Newark) in the tristate area. In that regard, all

meaningful decision making with respect to generating business for the Corporation occurred in New York. All decisions on what contracts to bid on, what not to bid, and whom to work with were made by myself and Anthony, and all of those decisions were made in New York. The vast majority, if not all, of the customer contracts entered by the Corporation were executed by myself and Anthony and those original contracts are located in my residence in Nassau County.

All operational decisions were made by myself and Anthony in New York. All services provided by the Corporation were given in the tristate area. Anthony and I put all operational policies and procedures into place.

(Declar. of Josephine Herrschaft (DE 13-6) at ¶¶ 4-5.)

Defendants opposed the motion to remand. Among other things, they argued New York was not NTI-NY's principal place of business.  Included in Defendants' opposing papers is an affidavit of Josephine submitted to the state court, wherein she avers that NTI-NY's principal place of business is in Nevada.(*See* DE 14-2 at ¶ 6.) Also submitted is an affidavit of Wills attesting to her California citizenship and setting forth particulars that support that conclusion. Other evidentiary material submitted by Defendant include a declaration of Marc Jacobi ("Jacobi"). In that declaration Jacobi, the Chief Financial Officer of NTI, avers:

- Since NTI-NY was organized I have performed the same CFO functions for NTI-NY as I perform for NTI. Though NTI and NTI-NY maintain their headquarters and primary office at 9525 Hillwood Drive, Suite 170, Las Vegas, Nevada 89134, I perform all CFO functions as an independent contractor, typically remotely from my office in Texas. Though I have attended meetings with the other officers of NTI and NTI-NY to address issues concerning management of NTI and NTI-NY in their offices in Nevada and California, I have never been to New York to meet with anyone or for any reason concerning the business of NTI or NTI-NY."
- "Since its inception during the middle of 2020 NTI-NY has offered ground transportation services to airlines and cruise lines in the tri-state area. However, NTI-NY has never directly

provided any ground transportation services or any services whatsoever anywhere. Rather, since NTI-NY's inception during the middle of 2020 all ground transportation services NTI-NY offers have been provided and continue to be provided by Luxury Vans & Shuttle Bus Corp. ("Luxury"), a transportation contractor based in the County of Queens, State of New York."

- "Luxury is an independent contractor affiliated with neither NTI-NY nor NTI."
- "NTI-NY's certificate of incorporation was executed in the State of Nevada".
- "NTI-NY's address for state and federal taxation is in the State of Nevada and all of its state and federal taxes and fees, including any required by the Port Authority of New York and New Jersey, are paid from his office in the State of Texas."
- "All of NTI-NY's legal functions are controlled and managed from the State of Nevada."
- "NTI-NY's accounting, auditing, and primary cash management functions are now and have always since its inception been conducted in Nevada, California and Texas."
- "All of NTI-NY's documents, including all documents relevant to the facts and allegations asserted in this action, are located in California, Nevada and Texas except executed contracts and any other documents plaintiffs failed to send to California, Nevada or Texas, notwithstanding NTI-NY's management's requirement that they do so."
- "NTI-NY's management and business policy is now and has always since its inception been formulated in Nevada, California and Texas."
- "Upon information and belief, since NTI-NY's inception each of NTI-NY's officers have maintained their respective offices only in Nevada, California and Texas, not New York."
- "Since NTI-NY's inception one of its three directors resided in and maintained his office in Nevada, one of its three directors resided in and maintained his office in California, and one of its three directors resided in New York".
- "Neither NTI nor NTI-NY ever maintained an office in the State of New York. Luxury (the independent contractor that provides the ground transportation services NTI-NY offers) has allowed and continues to allow NTI-NY to use as its business address Luxury's office address, 35-12 19th Avenue, 2nd Floor, Astoria, NY 11105, and NTI-NY is also permitted to use Luxury's office to conduct occasional meetings [although he himself has never been to New York on NTI-NY business], but NTI-NY has no physical office at 35-12 19th Avenue, 2nd Floor, Astoria, NY

11105 or anywhere else in the State of New York. Neither NTI-NY nor NTI pays rent or any use fee or charge for NTI-NY's occasional use of Luxury's office or any office space in New York."

- "NTI-NY has no need for office space in New York because all personnel that administratively support NTI-NY are employed by or contracted by NTI and are located outside the State of New York in the States of Nevada, California, Texas and elsewhere. NTI provides NTI-NY the NTI brand (including its logo and artwork), website administration, email domain, management, administration, banking, financing (including factoring and credit), insurance, accounting, bookkeeping, tax, payroll and benefit administration (for NTI-NY's one employee) services, and other services and benefits I am surely overlooking at the moment."

(DE 16 at ¶¶ 10-22.)

After the motion was fully briefed, it was referred to Magistrate Judge James M. Wicks for Report and Recommendation.

## III.   THE REPORT AND RECOMMENDATION

Judge Wicks filed his Report and Recommendation on March 9, 2022.  Judge Wicks first addressed the appropriate test for determining a principal place of business of a corporation. He rejected Plaintiffs' initial reliance in their moving papers on the "place of business" or "public impact" test in favor of the "nerve center" test set forth in *Hertz v. Friend*, 559 U.S. 77 (2010).

Judge Wick then addressed the issue of "whether Defendants had met their burden of establishing  Defendant NTI-NY's citizenship based on its principal place of business." (R&R at 6) He noted that the bare assertion that NTI-NY is headquartered in Nevada was, without more, insufficient to establish that Nevada is its principal place of business. He then found that Defendants offered "a

hodgepodge of facts that suggest that Defendant NTI-NY's principal place of business could be in Nevada, Texas, California or even New York." In reaching that conclusion he pointed out that "[w]hile the officers maintain their offices in Nevada, Texas and California and all auditing accounting, primary cash management and document storage occurs in these states, nothing in the record establishes which of these states, if any, is the single place where the officers direct, control, and coordinate Defendant NTI-NY's activities . . . . Indeed, while Defendant NTI-NY's officers have had meetings in Nevada and California, they have also 'conducted occasional meetings in New York.'" Judge Wicks concluded that the evidence and arguments made by Defendants "run counter to the Supreme Court's guidance in *Hertz*, which makes clear that a corporation may have only one principal place of business." (R&R at 6-7 (brackets and internal citations to Jacobi Affidavit omitted). He recommended the motion to remand be granted as "Defendants have failed to carry their burden in showing, by a preponderance of the evidence, that Defendant NTI-NY's principal place of business is located in a state other than New York and thus have failed to establish that this Court had subject matter jurisdiction over this dispute." (R&R at 7.)[2]

---

[2] In an abundance of caution, Judge Wicks also addressed Plaintiffs' other arguments in support of remand and recommended that the motion based on the appropriate alignment of NTI-NY and Wills' citizenship be denied. However, no objections have been filed as to these portions of the R&R. Having reviewed those portions of the R&R regarding realignment and Wills' citizenship for clear error and finding none, the Court's adopts these portions of the R&R.

## IV.   DEFENDANTS' OBJECTIONS

Defendants argue that the R&R contains both factual and analytical errors. Defendants challenge the statement in the R&R that "While Defendant NTI-NY's officers have had meetings in Nevada and California, they have also conducted occasional meetings in New York." This, they maintain, is in error because "the evidence establishes that (a) NTI-Y officers maintain their respective offices in Nevada, California and Texas, not New York and (b) meet to conduct the business of officers of NTI-NY in Nevada and California, but not New York." Therefore, the reference to borrowed space in New York at which occasional meeting are conducted "necessarily did not concern meetings (occasional or otherwise) of NTI-NY's officers, who it was already established maintain their respective offices in Nevada, California and Texas, but not New York and met to conduct the  business of officers of NTI-NY in Nevada and California, but not New York." (Defs' Obj. at 4 (citations to Jacobi Decl. at ¶¶ 9 and 22 omitted).)

Defendants also assert that they have consistently argued that NTI-NY's principal place of business was Nevada and, recognizing that due to its officers' activities in California and Texas, only argued that it was  "perhaps" possible to consider California or Texas as the principal place of business. In any event, they assert that whether NTI-NY's nerve center is Nevada, California, or Texas, diversity of jurisdiction was established "in this action by three New York Citizens against seven citizens of Nevada, California and Texas. . . . ." (Defs' Obj at 6.)

## V.      DISCUSSION

### A.      Principles Regarding Removal and Jurisdiction

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§

1441–1445. *See Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021); *New York v.

Dickerson*, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition

for the removal of a state action to federal court must allege a proper basis for the

removal under sections 1441 through 1445 of Title 28." (internal quotation marks

omitted). "[I]n light of the congressional intent to restrict federal court jurisdiction,

as well as the importance of preserving the independence of state governments,

federal courts construe the removal statute narrowly, resolving any doubts against

removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals,

Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted); *Purdue

Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  The party seeking

removal bears the burden of proving that the jurisdictional and procedural

requirements have been met. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 647

(2d Cir. 2015) ("Where, as here, the defendant asserts federal jurisdiction in a

removal petition, the defendant has the burden of establishing that removal is

proper."); *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("It is also hornbook

law that the party invoking federal jurisdiction bears the burden of proving facts to

establish that jurisdiction.").

Where, as here,  subject matter jurisdiction is contested in the context of

removal, a court may consider materials outside the pleadings, including

"documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010). On review of a motion to remand, "the court construes all factual allegations in favor of the party seeking the remand" and "[i]f there is doubt as to whether federal jurisdiction exists, remand is appropriate. *Alvarado v. New England Motor Freight, Inc.*, 2018 WL 4043151, at *1 (E.D.N.Y., 2018) (internal quotation marks omitted).

Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a). Subject matter jurisdiction based on 28 U.S.C. § 1332 "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014).

A corporation will be deemed a citizen of the state in which it is incorporated and where it maintains its "principal place of business." *Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006); 28 U.S.C. § 1332(c)(1). The Supreme Court has determined that the "nerve center" test must be employed to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The principal place of business analysis considers the location where "officers direct, control, and coordinate the corporation's activities" and generally will "be the place where the corporation maintains its headquarters, provided that the headquarters is the

actual center of direction, control, and coordination ... and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id*. at 92–93. The *Hertz* Court concluded that the nerve center points in "a single direction;" therefore, a corporation may only have one principal place of business. *Id*. at 93.

### B.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a) & (b); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

### C.    Defendants' Have Sustained Their Burden

Preliminarily, the Court rejects the proposition, advanced by Defendants, that Judge Wicks errored in concluding that there was evidence that officers conducted occasional meetings in New York. In support thereof, Defendants cite to paragraphs 9 and 22 of the Jacobi Declaration. Neither paragraph supports what Defendants say they do – that the occasional meeting in New York were not of NTI-NY's officers.

First, the Court notes that while Jacobi states he is chief financial officer of NTI, paragraph 9 makes clear that he is neither an officer nor even an employee of NTI-NY. ("Since NTI-NY was organized I have performed the same CFO *functions* for NTI-NY as I perform for NTI. . . . I perform all CFO functions as an *independent contractor.*" (Emphasis added). Thus, that he has "never been to New York to meet any one or for any reason concerning the business of . . . NTI-NY" does not establish that other officers of NTI-NY - who, by the way, are not identified by Defendants - did not met in New York. Paragraph 22 simply refers to the conduct of "occasional meetings" in New York but does not state the purpose of the meetings or who attended. Given that the withheld information is within Defendants' knowledge, Judge Wicks did not error in concluding that officers of NTI-NY conducted occasional meetings.

Nonetheless, reviewing the totality of the evidence de novo, the Court concludes that the preponderance of the evidence supports that there is subject matter jurisdiction. First, that occasional meetings of NTI-NY officers may have been held in New York does not, in view of the other evidence presented (and discussed below), support that New York is the nerve center of NTI-NY. Indeed, it is noteworthy that the allegations in both the original and amended complaint, support only occasional or sporadic meetings of NTI-NY officers in New York. Therein, in an effort to establish personal jurisdiction over the Defendants, Plaintiffs point to only one meeting attended by Gleich and Kindt in New York City

on June 18, 2021, and one other meeting attended by Kindt in "New York State" in

August 2021. (Comp. ¶ 14; Amended Comp. ¶ 15.)

With respect to the New York activities of Josephine and Anthony on behalf

on NTI-NY, those activities all ceased prior to the filing of the complaint and

therefor do not support subject matter jurisdiction at the commencement of the

action. *See Benchmark Invs. Inc. v. Pavmed*, 2021 WL 597918 (S.D.N.Y. Dec. 16,

2021) ("a corporation's nerve center . . . is where the lion's share of corporate

decision making occurs at the time a lawsuit is initiated, not where corporate

decisions making may have happened in the past . . . .)

The evidence here is that each of NTI-NY's officers have maintained their

respective offices only in Nevada, California and Texas, not New York. Also, its

management and business policy has always been formulated in Nevada, California

and Texas, while its legal functions are controlled and managed from the State of

Nevada. The foregoing together with its headquarters and primary offices being

situated in Nevada, support that NTI-NY's principal place of business is other than

New York, viz., that it is in Nevada. But even if California and Texas are also

possible principal places of business, denial of the motion for remand is warranted.

As one noted treatise states:

> [A] case may proceed even if a corporation's principal place of business
> has not been pinpointed when the federal court's jurisdiction otherwise
> is clear. If it can be shown, for example, that the company's principal
> place of business is one of two states, and the opposing party is not a
> citizen of either of them, subject matter jurisdiction will be upheld.

Wright and Miller, 13 Fed. Prac. & Proc. Juris § 3625 (3d ed., April 2022 update)

(footnote with citations omitted).

## VI.   CONCLUSION

For the reasons set forth above, the Court upholds Defendants' objections, declines to adopt the R&R, and denies Plaintiff's motion to remand.

**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
     May 11, 2022          Denis R. Hurley
                                          United States District Judge